OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 31, 1999

The Honorable Eddie Lucio, Jr.,
Chair, Special Committee on Border Affairs
Texas State Senate
P.O. Box. 12068
Austin, Texas 78711-2068

Opinion No. JC-0028

Re: Authority of the city council of a
general-law city to dismiss council meetings
for three successive months (RQ-1192)

Dear Senator Lucio:

You ask whether the city council of Indian Lake may dismiss or not convene regular council meetings for three months in a row. Information submitted with your request provides the background for your question. The minutes of the city council meeting for April 13, 1998, state that a motion to have no meetings in June, July and August was seconded and carried with four votes.[1] According to a letter submitted with your request, only one or two aldermen and the mayor remained in town after the last regular meeting on May 4, 1998, and the other three aldermen were on vacation after the May 4th meeting.[2]

Indian Lake is a Type A general-law city, the governing body of which consists of a mayor and five aldermen. *See* TEX. LOC. GOV'T CODE ANN. §§ 6.001 (authority to incorporate as a Type A general-law municipality); 22.031 (composition of governing body) (Vernon 1988). A majority of the number of aldermen constitutes a quorum, except for a called meeting or a meeting to consider the imposition of taxes, where the quorum consists of two-thirds of the aldermen. *Id.* § 22.039. Thus, three of the five aldermen constitute a quorum of the council of Indian Lake under ordinary circumstances, while the quorum for a called meeting or a meeting to consider the imposition of taxes will be four city council members. Based on the facts provided, it was not possible for a quorum of the city council to assemble to hold a meeting during the months of June, July, and August. *See Webster v. Texas & Pac. Motor Transp. Co.*, 166 S.W.2d 75 (Tex. 1942) (authority vested in a governmental body may only be exercised as a meeting of a quorum).

We find no statute that requires the city council of a Type A city to meet every month or that otherwise establishes a meeting schedule. Section 22.038 of the Local Government Code provides that the city council of a Type A city "shall meet at the time and place determined by a resolution" and shall determine the rules of its proceedings. Thus, the city council is authorized to determine

---

[1]This item was included on the public notice of the April 13, 1998, meeting.

[2]Letter from Barbara J. McKinley, constituent, to Senator Eddie Lucio, Jr. (Aug. 14, 1998) (on file with Opinion Committee, Office of the Attorney General) [hereinafter McKinley letter of 8/14/98].

its own meeting times. *See* TEX. LOCAL GOV'T CODE ANN. § 22.038 (Vernon 1988). We have not been informed of any resolutions or rules adopted under this statute and thus do not know whether the city council had adopted a meeting schedule that could not be changed by the council's majority vote on April 13. Accordingly, we find no basis for concluding that the council's decision not to hold meetings in June, July, or August, was inconsistent with law.

You also ask whether our answer would be different if Indian Lake were a Type B general-law city.[3] We find no statutes governing the meeting schedule of Type B cities. Accordingly, we find no basis for concluding that the city council's decision not to hold meetings in June, July, or August would be inconsistent with the law applicable to Type B cities.

We have not been informed that any public business was neglected because of the city council's decision not to meet in June, July and August. We note that section 22.038 of the Local Government Code provides that "[t]he mayor may call a special meeting on the mayor's own motion or on the application of three aldermen." Moreover, "[a]n alderman shall be fined $3 for each meeting that the alderman fails to attend unless the absence is caused by the alderman's illness or the illness of a family member." *Id.* Thus, it was possible to hold a meeting during the summer months if the need arose.

Accordingly, no statute in chapter 22 of the Local Government Code requires the city council of a Type A city to meet every month or otherwise establishes a meeting schedule, nor does any provision of chapter 23 of the Local Government Code establish a meeting schedule for the city council of a Type B city.

---

[3]A letter submitted with your request expresses the opinion that Indian Lake may have fewer that the 600 residents necessary to incorporate as a Type A city, *see* TEX. LOCAL GOV'T CODE ANN. § 6.001 (Vernon 1988), and expresses the belief that it is actually a Type B city. McKinley letter of 8/14/98, *supra*, note 2. In answering your question about a Type B city, we do not consider whether a drop in population below the 600 level would automatically reclassify Indian Lake as a Type B general-law city.

## S U M M A R Y

No statute in chapter 22 of the Local Government Code requires the city council of a Type A city to meet every month or otherwise establishes a meeting schedule, nor does any provision of chapter 23 of the Local Government Code establish a meeting schedule for the city council of a Type B city.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General